IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cortney Buller, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | JURY DEMANDED |
| | § | |
| Apache Welding, Inc. and | § | |
| David D. Nunez, | § | |
| Defendants | § | |

**PLAINTIFF, CORTNEY BULLER'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Cortney Buller, complaining of and about Defendants, Apache Welding, Inc. and David D. Nunez, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff, Cortney Buller, ("Buller"), an individual, is a Citizen of the United States of American and currently resides in Willis, Montgomery County, Texas.

2.      Defendant, Apache Welding, Inc., ("Apache") is a domestic for profit corporation formed under the laws of the State of Texas and registered to do business in the State of Texas, doing business in Willis, Texas under the name of Apache Welding, Inc.  Defendant has its principal place of business at 10301 Farrell Rd, Willis, Texas 77376.  Defendant, Apache Welding, Inc., may be served with process by serving its registered agent, David D. Nunez, 10301 Farrell Rd, Willis, Texas 77376.

3.      Defendant, David D. Nunez, ("Nunez"), an individual and resident of the State of

Texas, may be personally served with process by serving him at 13949 JBK Memorial Drive, Willis Texas 77310 or at 10301 Farrell Rd, Willis, Texas 77376, or wherever he may be found in the State of Texas.

## JURISDICTION AND VENUE

4.  The court has jurisdiction over the lawsuit because the original action arises as a federal question, under TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. §2000*e et. seq.*

5.  Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c), because this is the district in which Defendants do business and this is the district in which the unlawful conduct giving rise to the claims occurred.

6.  Additionally this Court has jurisdiction over the supplemental state law claims of this action under 28 U.S.C.§1367, s such claims form part of the same case or controversy under Article III of the UNITED STATES CONSTITUTION.

## NATURE OF THE ACTION

7. This action arises under TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended. Buller claims she was sexually harassed by her supervisor and the owner of her company and that her employer, Defendant, is responsible for the harassing conduct. Additionally, Buller claims that she was a victim of assault by her supervisor, David D. Nunez.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

8.  Plaintiff timely filed a charge of discrimination against Defendant with the EEOC on November 5, 2008. More than 180 days has expired since Plaintiff filed her charge of

discrimination with the EEOC. All conditions precedent to the filing of this lawsuit have been fulfilled. A Notice of Right to Sue was issued on January 28, 2010, and Buller's complaint is timely filed within 90 days of receipt of the notice which is attached as Exhibit A.

## FACTS

9. Buller is an employee within the meaning of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 as amended and is protected from harassment based on her sex/gender.

10. Buller is female and was only 19 years of age when the event forming the basis of this lawsuit took place.

11. At all times relevant to the facts of this case, Defendant was an employer within the meaning of and subject to the provisions of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 as amended.

12. Buller was first employed with Apache, Welding, Inc. as a secretary on or about August 18, 2008.

13. She was hired by David Nunez, the owner, who was her direct supervisor.

14. David Nunez, the owner of Apache Welding, Inc. and Buller's supervisor was very "touchy-feely" with her from the beginning of her employment. He would constantly put him hands on her in a manner which made her feel uncomfortable

15. Buller repeatedly asked Nunez to stop touching her, but he did not.

16. Buller reported the unwelcome behavior to the company's accountant and asked him to tell Nunez to stop his sexually harassing conduct.

17. After reporting this unwelcome conduct to the accountant, the objectionable behavior stopped for a short while.

18. Buller took an approved time off to attend a wedding September 29, 2008, and returned home to find her dog very sick. The dog was taken to the veterinarian and had procedures done which required Buller to keep close watch on him.

19. Because she could not come to work following her approved time off, Buller was fired by David Nunez. She could not come to work due to the need to keep watch over her dog, and Nunez would not allow her to bring the dog to work, but she was still fired.

20. Buller called Nunez trying to get reinstated to her job, and Nunez told her she could come back to work because he needed someone in the Houston area. Buller had several conversations with Nunez over the next week about working for him in the Houston office.

21. On October 7, 2008, Buller reported to the Willis office at 6:00 a.m. as directed by Nunez to do.

22. Buller waited for Nunez, who arrived at 7:30 a.m., and followed him into the office at Apache Welding in Willis.

23. Once inside the office, Nunez forced himself on Buller and forcibly kissed her, an advance which was unwelcome. She indicated it was unwelcome and tried to push Nunez away. Nunez proceeded to hug her, kiss her neck, and grab her butt. She still tried to push away.

24. Buller was then told by Nunez to go to her car and wait for him because she needed to follow him to the Houston office.

25. At that point, Buller was so uncomfortable that she called both her mother and her fiance's mother for guidance as to what she should do, but had to leave messages for both.

26. Buller proceeded to follow Nunez in her car. He called her on her cell phone and told her that she made him horny. He also outlined the further requirements of the job.

He told her that she had to be his lover, his friend, and on a business level, a good employee and she could keep her job and he would give her a raise. He also offered at that time to pay her rent.

27. While on the phone with her fiance's mother, Nunez exited in Conroe. Not knowing what else to do Buller followed him. Nunez pulled into a Motel 6 parking lot.

28. At that point, her fiance's mother advised her to call the police and make a report.

29. Nunez came out of the Motel 6 lobby and gave Buller a "thumbs up" sign, while she was still on the phone with the 911 operator.

30. The Sheriff's deputy arrived and told Nunez to stop calling and texting Buller, although he did not stop. The deputy also suggested to Buller that she file police report.

31. Buller filed a police report and refused to go back to work for Nunez at Apache.

32. Nunez's advances were unwelcome and disgusting. Buller told him "no" but he refused to take no for an answer.

33. Nunez's conduct affected terms and conditions of Buller's employment. She felt she had no other option but to quit, and no reasonable person in her position would have stayed.

## COUNT I-TITLE VII-SEXUAL HARASSMENT

34. The preceding paragraphs 1 through 33 are hereby incorporated by reference.

35. Buller belongs to a protected class, she is female.

36. Buller was subjected to unwelcome and offensive sexual conduct by her supervisor and the owner of Apache Welding, David Nunez, because of her sex.

37. Buller rejected the sexually offensive conduct from Nunez.

38. The harassment Buller complains of affected a term or privilege of employment in

that the harassment was so pervasive or severe as to alter her conditions of employment and create an abusive working environment.

39. No reasonable person in Buller's position would have stayed employed by Apache Welding with Nunez as her supervisor.

40. Nunez's conduct violated TITLE VII as amended, 42 U.S.C. Section 2000e *et seq*.

## COUNT II-TITLE VII-HOSTILE WORK ENVIRONMENT

41. The preceding paragraphs 1 through 40 are hereby incorporated by reference.

42. Buller is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.

43. Buller was subjected to serious unwanted and unwelcome sexual touching from her male supervisor while at work, because of her sex which was so pervasive or severe as to alter her conditions of employment and create an abusive working environment.

44. A reasonable person in the same or similar circumstances as Buller would have likewise found David Nunez's conduct so offensive as to require her to quit.

45. Defendant intentionally discriminated against Buller because of her gender in violation of TITLE VII by subjecting her to a hostile environment which affected a term or condition of her employment in violation of 42 U.S.C. §2000e *et seq.* as amended. The harassment Buller complains of affected a term or privilege of employment in that the harassment

46. Buller alleges that Defendant subjected her to a hostile environment on the basis of sex with malice or with reckless indifference to her protected rights under TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 as amended, 42 U.S.C. Section 2000*e et seq*., and 42 U.S.C.

1981a(b)(1).

## COUNT III- ASSAULT BY OFFENSIVE PHYSICAL CONTACT

47. The preceding paragraphs 1 through 40 are hereby incorporated by reference

48. Nunez made offensive physical contact with Buller.  All instances referenced above were unwanted and unwelcome.

49. David Nunez knowingly made the unwanted physical contact with Buller on more than one occasion.

50. Nunez knew or should have believed that Buller would regard the physical contact as offensive because she had asked him to stop the behavior on more than one occasion, and even pushed him away as he made and tried to make physical contact with her.

51. Nunez's actions caused injury to Buller, which resulted in her being compelled to loss her job and suffer lack of income.

## RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

52. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

53. Defendants are vicariously liable for the conduct of their employees.

## DAMAGES

54. As a direct and proximate result of Apache's and Nunez's conduct, Buller suffered the following injuries and damages for which she seeks affirmative relief:

a. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

b. Buller seeks compensation for all back pay and lost benefits as allowed, plus prejudgment and postjudment interest at the prevailing rate;

c. Buller seeks compensation for all future pecuniary losses, plus prejudgment and postjudment interest at the prevailing rate;

d. Buller seeks postjudment interest on all sums, including attorney's fees and costs awarded in this action;

e. Buller seeks compensation for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses suffered in the past and future;

f. Any and all other damages to which Buller may be rightfully entitled.

## **PUNITIVE DAMAGES**

55. Buller would further show that the acts and omissions of Apache and Nunez complained of herein were committed intentionally with malice and/reckless indifference to her federally and state protected rights. In order to punish Apache and Nunez for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Buller also seeks recovery from Apache for punitive damages on each of Counts One and Two.

## **ATTORNEY FEES**

56. Buller is entitled to an award of reasonable attorney fees, expert fees, and costs incurred for Counts, Two, and Three under Title VII, 42 U.S.C. §2000*e*-5(k) and the laws of the State of Texas.

## **PRAYER**

57. Plaintiff, Cortney Buller prays for judgment against Apache and Nunez in accordance with the foregoing allegations and for all such other relief as the Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF JO MILLER, P.L.L.C.
505 North Main
 Conroe, Texas  77301
 Tel. (936)539-4400
 Fax. (936) 539-4409

By:   /s/ *Jo Miller*
JO MILLER
jmiller@jomillerlaw.com
Texas Bar No. 00791268
Southern District Bar No:  20385
Attorney-in Charge for Plaintiff,
Cortney Buller